**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIQUIDPIXELS, INC., | ) |
| Plaintiff, | ) Case No. 1:19-cv-11700-DCF |
| v. | ) |
| HERITAGE AUCTIONS, INC., | ) **STIPULATED PROTECTIVE ORDER** |
| Defendant. | ) |

**Hon. DEBRA C. FREEMAN, United States Magistrate Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains a person's or party's trade secret, or non-public

business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within thirty (30) business days of receipt of the transcript by specifying the pages and lines of the transcript that are to be designated "Confidential" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the producing party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential." If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.  If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

5.  No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    (a) no more than three representatives of the Receiving Party who are officers or employees of the Receiving Party to whom disclosure is reasonably necessary for this case, who have first executed a Non-Disclosure Agreement in the form annexed hereto;

    (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    (c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first

       executed a Non-Disclosure Agreement in the form annexed hereto and has been identified to the other party at least five (5) business days prior to the disclosure of any Confidential Discovery Material;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto and has been identified to the other party at least five (5) business days prior to the disclosure of any Confidential Discovery Material;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff, including any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; and

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(a), 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order

and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. A Producing Party may designate its Confidential Discovery Material that includes or discloses computer source code, object code, code development specifications, or computer instructions as "Confidential Source Code Material." All the provisions of this Protective Order that are applicable to Confidential Discovery Material are also applicable to Confidential Source Code Material, but Confidential Source Code Material is subject to an additional restriction before it may be disclosing to a Receiving Party's employee under subparagraph 5(a), as follows:

    (a) Before a Receiving Party may disclose any of the Producing Party's Confidential Source Code Material to any employee designated under subparagraph 5(a) above, the Receiving Party must first identify that employee, that employee's title and employment description, including whether the employee is currently or has ever been involved in software development for the Receiving Party, to the Producing Party, and deliver a copy of that employee's signed Non-Disclosure Agreement to the Producing Party; and

    (b) If the Producing Party objects to such disclosure, the Producing Party shall provide an explanation of the basis of its objection(s) in writing to the Receiving Party within three (3) business days after receipt of notice. The Confidential Source Code Material shall not be disclosed during the three (3)

day objection period. Upon receiving an objection from the Producing Party, the parties shall meet and confer regarding the objection within three (3) business days following receipt of the objection, and no Confidential Source Code material shall be disclosed until the parties meet and confer. If the above meet and confer process does not result in an agreed resolution, the Producing Party may, within ten (10) days following the meet and confer, move for a determination by the Court that disclosure should not be made to the designated employee. If a motion is brought, the Confidential Source Code Material shall not be disclosed until the motion has been resolved by the court. If no motion is brought by the Producing Party within ten (10) days following the meet and confer, disclosure to the designated employee shall be permitted and the Producing Party's objections shall be deemed waived.

8. Any Party who requests additional limits on disclosure, such as limiting disclosure to "Attorneys' Eyes Only," may at any time before the trial of this action serve upon counsel for the recipient Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Magistrate Judge Freeman's Individual Practices.

9. Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Order and, by its agreement to this Order, no Party shall be deemed to have waived the right to modifications later sought by such Party. No modification in this Order that adversely affects the protection of any document produced or given by a non-party to this action shall be made

without giving to that non-party to this action appropriate notice and opportunity to be heard by the Court.

**Filing Confidential Materials in this Action**

10. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

11. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow § III, Electronic Filing Under Seal in Civil and Miscellaneous Cases, of Magistrate Judge Freeman's Individual Practices.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

13. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

14. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-

7

client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter if a request for return of such inadvertently or unintentionally produced Discovery Material is made promptly after the producing party learns of its production..

15. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. The receiving party may challenge the producing party's claim of privilege or protection. The receiving party shall not use or disclose such Discovery Material until the claim is resolved. The producing party must preserve such Discovery Material until the claim is resolved. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently

        Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

18. Notwithstanding the foregoing, if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, pursuant to Federal Rule of Civil Procedure 502, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal or state proceeding. In the case of ESI, electronic key word searching to identify privileged documents constitutes reasonable steps to prevent disclosure pursuant to Federal Rule of Evidence 502(b)(2). In addition, no Party is required to log privileged materials generated after the filing of the complaint in this Action.

**Termination of the Litigation**

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

Dated: October 30, 2020

| | |
|---|---|
| RUSKIN MOSCOU FALTISCHEK, P.C. | LAW OFFICES OF CAMERON STRACHER |
|   */s/ Michael A.H. Schoenberg* |   */s/ Cameron Stracher* |
| John A. DeMaro | Cameron Stracher |
| Michael A.H. Schoenberg | 51 Astor Place, 9th Floor |
| East Tower, 15th Floor | New York, NY 10003 |
| 1425 RXR Plaza | (646) 992-3850 |
| Uniondale, New York 11556 | cam@stracherlaw.com |
| (516) 663-6600 | *Attorney for Defendant Heritage Auctions, Inc.* |
| jdemaro@rmfpc.com | |
| mschoenberg@rmfpc.com | |

-and-

DAVIDSON BERQUIST JACKSON & GOWDEY, LLP

  */s/ Wayne M. Helge*
Wayne M. Helge
(admitted *Pro Hac Vice*)
Aldo Noto
(*pending Pro Hac Vice admission*)
Alan A. Wright
(*pending Pro Hac Vice admission*)
8300 Greensboro Drive, Suite 500
McLean, VA 22102
Tel: (571) 765-7700
whelge@dbjg.com
anoto@dbjg.com
awright@dbjg.com

*Attorneys for Plaintiff LiquidPixels, Inc.*

                                       **SO ORDERED.**

Dated:   November 2  , 2020

                                       **DEBRA C. FREEMAN**
                                       **United States Magistrate Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIQUIDPIXELS, INC., | ) |
| Plaintiff, | ) Case No. 1:19-cv-11700-DCF |
| v. | ) |
| HERITAGE AUCTIONS, INC., | ) **NON-DISCLOSURE AGREEMENT** |
| Defendant. | ) |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, and I understand that I cannot disclose such Confidential Discovery Material to any person who has not been authorized to receive it under the Protective Order. I further agree that I will not use such Confidential Discovery Material for any purpose other than this litigation, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____
[Signature]

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing was filed with the Court through the CM/ECF electronic filing system, which will automatically serve electronic notice of the same on all counsel of record who are deemed to have consented to electronic service.


Dated: October 30, 2020           */s/ Wayne M. Helge*
                       Wayne M. Helge